DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

### AT JUNE TERM, 1863.

---

JOHN R. PARSELL ET AL. v. THE STATE, JOHN M. MANN, JOSHUA DOUGHTY, ET AL., PROSECUTORS.

1. Under the 2d section of the act concerning roads, *Nix. Dig.* 737, the courts of Common Pleas and Supreme Court are bound, as a legal necessity, to appoint the surveyors of the township through which the road is to run, unless it is to run through their lands, or unless the court, for some other reason in the exercise of a sound discretion, shall think they ought not to be appointed.

2. The simple fact, that the surveyors are taxpayers in the township, is not sufficient to exclude them, or to warrant the courts in refusing to appoint them. The supplement of 1850, making the townships liable to pay for lands taken for roads, furnishes no ground *in itself* to which the discretion of the courts can be applied. It may be an element, among other reasons, which, taken together, the court may deem sufficient to exclude the surveyors from appointment.

3. The Court of Common Pleas, having exercised their discretion in the matter of appointment, and having so certified in their order, it is not the subject matter of review in the Supreme Court.

4. If the grounds for exclusion can be inquired into, the court below must be called on to certify the facts in regard to them, before the testimony of witnesses can be resorted to. The evidence of one of the judges who made the order, is insufficient to contradict the language made use of by the whole court on the face of the order of appointment.

530

In the term of April, 1859, the Court of Common Pleas of the county of Somerset, upon application of John R. Parsell and others for the appointment of surveyors of the highways to lay out a road in the township of Bridgewater, in said county, appointed John P. Voorhees and Cyrenius T. Stryker, of the township of Branchburg; Israel H. Hill and John B. Brokaw, of the township of Hillsborough, and John N. Hoagland and Peter L. Suydam, of the township of Franklin, six surveyors of the highways of said county, for the purpose of laying out said road, "regard having been had to the appointment of the surveyors of the said township where the said road is applied for to be laid, whom the court, for sufficient cause, refused to appoint; which surveyors shall meet," &c.

The surveyors met, on the 6th day of June, and laid out the road as applied for, having adjudged the same to be necessary. They also made an assessment of the damages the owners of the land and real estate taken for the road would sustain by laying out the same, of all which return was duly made according to law.

These proceedings were removed into the Supreme Court by writ of *certiorari*, returnable to the term of June, 1861, at the instance of the State, John M. Mann, Joshua Doughty, and others being prosecutors—and thereupon the following reasons were assigned for setting them aside :

. 1st. Because the Court of Common Pleas, in the application of said surveyors, acted upon an erroneous principle, in excluding, as interested against said road, the surveyors of the township in which the road was proposed to be laid merely because of their residence in said township, and in appointing the surveyors of other townships, who were interested in laying the road, as sharers in whatever benefit the road would yield, while they contributed nothing to the burthens it imposed.

2d. Because real applicants for said road, including the persons in whose handwriting the application for the appointment of surveyors is written, and who employed counsel, .

paid the fees of the surveyors, and who advocated the road in speeches before the surveyors, have had damages assessed to them, they not having signed the written application for the appointment of surveyors, in contravention of the spirit of the road act.

3d. Because the originators and real parties in such application paid certain of the surveyors who laid said road sums of money, as fees, that are not only more than the law allows, but unusual, unprecedented, and illegal.

4th. Because the surveyors, in laying out said road, acted upon an erroneous principle in laying the same, viz. that it is the duty of the public to render railroad crossings safe; whereas, by the charter of the Somerville and Easton Railroad Company, the crossing of whose road the road was laid to avoid, are bound so to cross the common roads by passages and bridges, over and under the same, as not to impede the use of the common roads.

5th. Because the said return is, in divers other respects, uncertain, defective, and illegal.

A rule was taken, on application of the plaintiff in *certiorari*, that the parties have leave to take affidavits, to be used on the argument of the case, and both parties examined witnesses under the rule. Evidence was produced to show, among other things, the ground taken by the court in refusing to appoint the surveyors of the township of Bridgewater to act in laying out the road.

The case was argued in the branch court, before Justices VAN DYKE and HAINES, at February term, 1861, and at the term of June following, the court ordered the proceedings of the Court of Common Pleas and of the surveyors to be reversed and set aside.

The opinion was delivered by Justice VAN DYKE, and as the case has not been reported, it is deemed proper to insert the opinion here, as showing fully and clearly the grounds on which the court placed their judgment.

VAN DYKE, J. The *certiorari* in this case is brought to

reverse the proceedings of the Court of Common Pleas, and also of surveyors of the highways appointed by them to lay out a public road in the county of Somerset, in the township of Bridgewater.

The first objection to the proceedings is, that the Court of Common Pleas refused to appoint the surveyors of the highways of the township in which it was proposed to lay the road simply and only because they were residents of that township, on the supposition, it is supposed, that they were interested in the assessments, if any, that should be made of the damages to the land taken. The order of the court states, that regard was had to the appointment of those surveyors, but that they refused their appointment for sufficient reasons. But that the court did exclude them expressly, and only on the ground of their being residents of the township, is not only clearly proved, but it is not denied or controverted in any way. The question, then, is fairly presented for our consideration, whether it is lawful or otherwise for the court, in all cases, to exclude the surveyors of the township through which it is proposed to lay the road, merely because they are residents of the township.

It is insisted, however, that this is a discretionary power, lodged with the Court of Common Pleas, to appoint the surveyors of the township, and that they are the exclusive judges of the sufficiency of the reasons on which they act, and that their determination in the matter is not subject to reversal or review. It is true, that court is authorized to determine what reasons should exclude the surveyors of such particular township or of any other township; and if we have no knowledge of the reasons or principles on which they act, we cannot properly interfere with their determination. But if the law requires the Court of Common Pleas to appoint particular surveyors, unless there be some sufficient reason to the contrary, and the court reject such surveyors, and furnish to us clearly the reason or principle on which they thus rejected them, and if that principle be clearly wrong, and contrary to the clear meaning of the act, this court is not only authorized,

but bound to reverse such decision. The discretion with which that court is clothed must be exercised according to law, and not contrary thereto. If they should reject the surveyors of a township from which they were required to take them, except for a sufficient reason, and they should reject them alone on the ground of religious belief, this court should not sustain such determination as legal, nor permit it to be practised, but should set such determination aside. So in the case before us. If the reason or principle on which the Court of Common Pleas rejected the surveyors of the township of Bridgewater be illegal, such as this court should not sanction, and which should not be tolerated in practice, this court is bound to reverse the proceedings, not only for the correcting of the mischief in this particular case, but for the government of the courts in all other similar cases. The question then is, whether the Court of Common Pleas was right or wrong in rejecting the surveyors of the township through which the road was to run simply because they were residents of that township. This was not the exercise of a discretion, but the adoption of an inflexible rule to be applied to all cases.

This question received some consideration in the case of *The State* v. *Atkinson*, 3 *Dutcher* 420, and so far as that case goes, it seems to sustain the decision of the Court of Common Pleas. That decision, so far as it is supposed to sanction that view of the case, we are asked to review, as not being correct in principle. If the question was distinctly presented in that case, and was carefully considered and decided, and especially if we consider it correctly decided, we should adhere to it, and again assert the principle. If, on the other hand, the case did not fully present the question— if it was only incidentally considered by a part of the court, and possibly not concurred in by the remainder of it, although there may have been a concurrence in a result, and especially if its correctness be questionable, I can see no reason why we should not so far reverse it, as to declare explicitly what the law is on the subject now, when we have it directly before us. In the case of *The State* v. *Atkinson*, the question

now under consideration was not before the court, so far as we can learn, at all. There was no complaint made there that the court either had or had not in fact appointed the surveyors of the township in which the road was to be laid. It did not appear, from the case, whether such surveyors had been appointed or not, and the question raised was not, and could not have been in that case, that the court had improperly rejected or improperly appointed the surveyors of that township, but the only question was on the order of the court itself, that it did not show on its face that the court had considered the question at all ; in other words, the objection was, " It does not appear, *by the order*, that regard was had to the appointment of the surveyors of the highways of those townships where the said road was applied for to be laid out." The court held that that matter need not be set out on the face of the order. This is all that was decided, so far as this feature of the case is concerned. The question is one of some importance, and as it has never before been presented for decision, although somewhat discussed, it is proper that it should be examined and settled.

It seems impossible to doubt that the legislature, in the act concerning roads, imperatively required the Court of Common Pleas of the counties to appoint, on such applications, the surveyors of the townships through which the road was to run, unless it was to run through the lands of such surveyors, or unless they were excluded by some other legal reason such as should exclude any surveyor. And it seems equally free from doubt, that if the courts refuse to obey this requirement of the statute, except for the reasons contemplated, such refusal would be ground of reversal. The Court of Common Pleas, from deference, it is supposed, to the case of *The State* v. *Atkinson*, did refuse to obey this injunction of the act, and did refuse to appoint the surveyors of the township through which the road was to be laid, and so refused, for no one of the reasons contemplated by the act, but did so simply and only because they were surveyors of that township.

This provision of the law has never been repealed or disturbed since it was originally passed. It could only be repealed by the legislature doing so in express terms, or by the passage of a subsequent act, so in conflict with it that both could not stand, in which case the latter would prevail. But there is no such act. It is supposed that the supplement, passed March 1st, 1850, providing for the assessment of damages in behalf of the persons whose lands should be taken for the purposes of the road, in some way annuls or renders inoperative this requirement of the original act; but that supplement does not in terms repeal the former act, nor is there anything in it which is inconsistent with that act, in respect to the matter under consideration.

It is insisted that the power given by the supplement to assess and award damages to the landowners, which damages are to be paid by the taxpaying residence of such townships, renders the surveyors of such townships interested in the question, because they, as residents thereof, will be required to contribute to the payment of such assessment; but this in no way interferes or conflicts with the principle contained in the original act, for there never was a time since its passage that the surveyors of the townships were not interested, as taxpayers, in every road laid in their townships. No public road was ever laid out by public authority, constructed and kept in repair, including its bridges, &c., except at a yearly expense to the taxpayers of the township in which it is located; and the adding of the additional expense of paying for the land taken for the road does not change or introduce any new principle creating an interest in the surveyors, but only increases, to some extent, the burthens previously imposed upon them. The question was not first introduced by the supplement, that the inhabitants of a township should be taxed for the making and sustaining of each additional highway laid out in their township, but that the tax, in a particular feature, was liable to be increased. Instead of its being increased fifty cents a year by the laying out and maintaining a new highway, it is now liable to be increased,

Parsell v. State, Mann et al., pros.

for the first year, to one dollar, or over, for each taxpayer, and after that the same as if no assessment of damages had been made. The idea, therefore, that the surveyors of each township are affected primarily by the laying out of roads in their respective townships, is nothing new. It was always so. And all that can be said of the supplement is, that it may increase remotely, their interest in the laying out of new roads, but introduces no new principle which did not exist before.

The legislature, then passed the act requiring the surveyors of the townships in which the road was to run to be appointed, when it was as well known as it can be now, that they were interested as taxpayers in the laying out of such roads, and this must have been for some good and sufficient reason. Perhaps it was because, being better acquainted with the locality than strangers, they were better qualified to judge of the necessity for the road, or it may have been because the laying of all roads imposed a burthen, in the way of tax, on the inhabitants of the townships through which they were made, and that it was unjust to impose such tax, unless the people of the townships were represented in the tribunal imposing such tax. This latter reason is a very natural and important one, and if it be the one which governed the legislature, it is certainly a very strange construction of it to withhold the representation the moment the tax is to be increased. But whatever the reason may have been which caused the insertion of the provision, it is very certain that such reason still exists with all the force which it ever possessed; and the legislature, never having repealed either the provision, or the reason for it, I certainly think we are not at liberty to disregard them, but, on the contrary, we are bound to see that they are enforced. I think, therefore, the obligation to appoint the surveyors of the townships through which the road is to be laid, is just as imperative as it ever was; and the construction of the courts always was, and the practice always was, that the surveyors of these particular townships were to be appointed of course and as a legal ne-

cessity, unless the reasons to the contrary were such as should exclude any surveyor. But if the doctrine contended for be the right one, the surveyors of the townships, instead of being preferred, are for ever excluded, and can never in any such case be appointed, although the law, as it stands, requires that they should be. It never could have been intended, that the mere fact of the surveyors being residents of the townships to be affected should exclude them from the survey, for that is the very reason why they are to be appointed.

The principle contended for would place every township entirely at the mercy of outsiders, (for even the petitioners for the road need not reside in the township), who being strangers to their wants, and indifferent to their burthens, may inflict on them the most intolerable oppressions, not only against their will and consent, but without even the privilege of a voice in the matter. The rule also, if it applies to the appointment of surveyors, must of necessity apply to the appointment of freeholders to review the proceedings of the surveyors. They, too, must be taken from foreign townships; and the case before us furnishes a pretty striking exemplification of the danger and mischief of which I speak, for, upon looking at the return, we find that, in addition to the ordinary expenses, there are assessments to an amount of over $1000 in going a distance of little over half a mile.

I think, therefore, that the Court of Common Pleas, in rejecting the surveyors of the township of Bridgewater, for the reason by which they were governed, committed an error, which it is our duty as well as our province to reverse.

Other reasons were urged in favor of a reversal; but as I deem the one already considered sufficient for that purpose, it is unnecessary to examine the others.

The judgment of the Supreme Court having been removed into this court, the said John Parsell and others, alleging error in the said judgment, prayed its reversal.

1st. Because the court, in and by their said judgment, did

determine that the return of the surveyors laying out said road was defective, null, and void, because the Court of Common Pleas of the county of Somerset, in appointing said surveyors to lay out said road, refused to appoint the surveyors of the township of Bridgewater, where the said road was proposed to be laid out.

2d. Because the said court, in and by their said judgment in setting aside said return, did determine that it was proper and right that the surveyors of the township where the road was applied for to be laid were not interested in the laying out, or otherwise, of such road by reason of their being taxpayers to such an extent as to exclude them from acting as such surveyors.

3d. Because the said court, in deciding said case and setting aside said return, did so on the ground that the surveyors of Bridgewater had been unlawfully excluded by the Court of Common Pleas from acting as suveyors in laying out the said road.

4th. Because there is error in the entry of the judgment by the Supreme Court.

5th. The general error.

For the plaintiffs in error, *H. V. Speer* and *A. O. Zabriskie.*

For the defendants, *J. P. Bradley* and *P. D. Vroom.*

OGDEN, J.    A concise history of the entire proceedings in this matter, with an observance of dates, will present the questions which the court is required to settle.

On the 8th day of April, 1859, John R. Parsell, with sixteen others, freeholders and residents in the county of Somerset, made application, in due form, to the judges of the Court of Common Pleas of the county, for the appointment of six surveyors of the highways, to lay out a public road fifty feet wide, in the township of Bridgewater, in said county.    On the 20th of April, the court granted their petition, and appointed the surveyors of the townships of

Branchburgh, Hillsborough, and Franklin, stating, in their order of appointment, that they had regard to the appointment of the surveyors of the township where the road was applied to be laid, whom, for sufficient cause, they refused to appoint. The six surveyors met at the place and time fixed in the order of appointment, and proceeded to view the premises; and having heard what was to be said for and against the road, did adjudicate the said public road to be necessary; and did lay out the same, and cause it to be marked at proper distances in the line thereof; and did order it to be opened for public use, on the 4th of October, 1859, and all signed a written return of their proceedings, dated June 6th, 1859. At the same time they made an assessment in writing of damages in favor of several parties, stating them therein to be owners of land taken for the road, and not applicants therefor.

A *caveat* was filed against recording the return, and at the next term of the court, freeholders were appointed to view the said road, under the 8th section of the act concerning roads. They met early in December, 1859, and proceeded to view the road, but the majority being in favor of leaving it undisturbed, they separated without making any certificate, as they were advised that it was not necessary for them to certify; and thereupon there should have been an order of the court for the clerk to record the return of the surveyors. If they had made a certificate, no application for a vacation of the road could have been made under one year after the recording; but as they neglected to certify, an application was made for the appointment of surveyors to vacate, and an appointment was made, as if the return had been ordered to be recorded, and the new surveyors met on the ground, in February, 1860, within two months after the view was had by freeholders. Those surveyors did not vacate or disturb the road. On the 28th of February, 1860, a writ of *certiorari* was awarded, directed to the judges of the Court of Common Pleas, to bring into the Supreme Court, on the first Tuesday in June, the application, appointment of sur-

veyors, their return and the assessment of damages, and the order to record, with all things touching and concerning the same. On the 30th of May, 1860, they sent up the papers, certifying therewith that no order for recording the return had been made by them.

In June term, 1860, on the return of the *certiorari*, a rule was entered in the minutes of the Supreme Court, that the parties have leave to take affidavits, to be used on the argument of the same.

On the 28th of June, reasons were filed in that court for setting aside the appointment, return, and assessment of damages.

Affidavits were taken, and exhibits were made, and in June term, 1861, the court ordered that the appointment of the surveyors, the return by them made, and all proceedings by them had and taken, should be set aside and made void, Justice Van Dyke delivering the opinion of the court. That order has been removed for review into this court by a writ of error.

The Supreme Court set aside the return of the surveyors upon one ground only, to wit, that the Court of Common Pleas acted on an erroneous principle in excluding, as interested against the road, the surveyors of the township of Bridgewater, wherein the road was applied to be laid, merely because of their residence in said township, and being taxpayers therein.

The first two assignments of error in this court refer to that view taken by the Supreme Court, and they set forth that the Supreme Court erred in determining the return to be null and void, because the Court of Common Pleas refused to appoint the surveyors of Bridgewater, and because the Supreme Court did determine, that the fact of surveyors being taxpayers in a township does not make them so interested in the road as to exclude them from acting as such surveyors.

The case presents two distinct matters for consideration.

*First.* The correct construction of a part of the 2d section of the act concerning roads.

*Second.* Whether it properly appeared before the Supreme Court that the Court of Common Pleas had disregarded the requirement of that section in making the appointment of surveyors.

The course of legislation in New Jersey on the subject of public roads, from the year 1675 to the present time, clearly shows that the laying out of roads was held to be a township business, and that officers resident in the township where a road was to be laid, were always considered to be proper persons to have a voice in the matter. In the act of 1675, two men were required to be appointed in each township in the province, for laying out roads therein. In 1716, all applications for roads were required to be made to the two surveyors of the town, who were directed to call to their aid the surveyors from two adjacent townships.

An act, passed in 1774, required applications to be made to the surveyors of the township where the road was proposed to be laid, and to the surveyors of the two nearest and adjacent townships, and it declared that at least one of the surveyors of the township in which the road was applied for should consent to the road and should sign the return. The mode of making applications for roads was changed by a supplement, passed in 1792, which directed that the application shall be made to the judges of the Court of Common Pleas, who were to appoint six surveyors of the county without restrictions. This act was repealed in 1799, by a new act then passed, which contained the same provision. The law stood thus until 22d of February, 1811, when the following language was introduced into the 2d section : " ever having regard to the appointment of the surveyors of the highways of those townships where the said road shall be so applied for to be laid, &c., provided that no surveyors shall be appointed through whose land the road may run."

Two decisions of the Supreme Court, one made in 1791, the other in 1792, reported in *Coxe*, pages 55 and 128, gave a strict construction to the law, as it then stood. The court ruled, that it was fatal to a return of surveyors, because four

were not taken from adjacent townships; they said, that the law might occasion inconvenience, but that was exclusively a matter for legislative consideration. The judge used the following strong language: "We are here to declare the law, and cannot decide against the express words of it. The legislature has declared who are to be the judges, by unequivocal words. They are to be the surveyors chosen from the nearest townships; we have no authority to frame a proviso to the act, and to declare that, under certain circumstances and in peculiar cases, they may come from townships not the nearest: this would be to assume legislative powers."

In May term, 1812, on an application to the Supreme Court to appoint surveyors, the appointment of one of the surveyors of the township through which the contemplated road ran was objected to, and an affidavit was offered to be read, to prove that he had given an opinion as to the propriety of laying the road. The court said : the act of assembly makes it the duty of the court to appoint the surveyors of the town through which the road runs ; one case excepted, which was not the one before them. It has been the clear policy of the legislature, in their different enactments on the subject of roads, to have the judgment of surveyors of the township through which a road was to run, expressed upon its necessity ; and although the supplement of 1792 left the selection entirely within the control of the Court of Common Pleas, yet, in 1811, the legislature limited the arbitrary power vested in the court, by making it their duty to appoint the surveyors of the township, unless the road would run through their lands. In the case of *The State* v. *Atkinson*, 3 *Dutcher* 420, the judge, in delivering his opinion, said, that the act of March, 1850, giving compensation to land owners, made the surveyors of the township interested as taxpayers, and although that act did not expressly repeal so much of the then existing road act as required that regard should be had to the appointment of the surveyors of the township, yet that it rendered the requirement nugatory.

For the purpose of testing the accuracy of this view taken

by the late learned justice, let us suppose that the act of 1850 had been passed in 1812, as a supplement to the act of 1811, would it have virtually repealed the requirement respecting the surveyors of the township, or render it nugatory? Clearly it would not. The two enactments would not have been inconsistent with each other; and under the act of 1811, the courts would have been bound to appoint surveyors as judges whom the legislature had declared, in unequivocal words, should be appointed, unless they came within the one proviso of being land owners on the route. So far as the decision in the case of *Atkinson* conflicts with rulings of the Supreme Court, made before 1818, establishing the *necessity* of the appointment of the surveyors of the township, unless they come within the exception in the statute, we consider it is not sound law.

The next general "act concerning roads" was passed 9th of February, 1818, and is found in *Pennington's Revision of the Laws, page* 615. It contains an addition to the proviso of the 2d section. In it, the proviso reads, "that no surveyor shall be appointed through whose lands the road may run, or who, for any other reason which the court in their discretion shall deem sufficient, think ought not to be appointed." That act was re-enacted in the revision in 1846, and was the law of the state when the supplement of 1850 was passed, which provides for ·compensation to the owners for lands taken for the purposes of public roads. This court, *una voce*, declare the true construction of the 2d section of the act to be, that the Court of Common Pleas and the Supreme Court are bound, as a legal necessity, to appoint the surveyors of the township through which the road is to run, unless it is to run through their lands, or who for some other reason which the court, in the exercise of a sound legal discretion, think should not be appointed; and further, that the simple fact of the surveyors being taxpayers in the township, is not sufficient to exclude them or to warrant the courts in refusing to appoint them, and that the supplement of 1850 furnishes no ground, *of itself*, to which the discretion of the

courts can be properly applied. It may be an element, among other reasons, which, taken together, the court may deem sufficient to exclude the surveyors from appointment.

This brings us to the consideration of the question of *fact*, upon which the Supreme Court rested their judgment in setting aside the proceedings had below, which fact was stated by them to have been clearly proved; and the examination of it raises the second point, which I have made, *viz.* whether it properly appeared before the Supreme Court, that the Court of Common Pleas disregarded the requirement of the 2d section of the road act in making the appointment of surveyors? The justice said, that the Court of Common Pleas rejected the surveyors of the township through which the road was run, simply because they were residents of that township, and taxpayers therein; and that such rejection was not the result of an exercise of discretion, but was the adoption of an inflexible rule, to be applied to all cases. No such reason for the decision of the Common Pleas appears upon their order returned with the *certiorari*. It is distinctly and clearly stated therein, that regard *was* had to the appointment of the surveyors of the said township where the said road applied for was to be laid, whom the court, for sufficient cause, refused to appoint. It is manifest, upon the face of the order, that the Pleas felt the obligation of the requirement of the section, and that, in the exercise of the discretion which was vested in them, they adjudged that the caused urged against those surveyors was sufficient to require their rejection.

The justice of the Supreme Court states, in his opinion, that the reason for the exclusion was not denied or controverted in any way, and was clearly proved.

It is sufficient to say, that on a writ of error, which brings up the record from the Supreme Court, we cannot look to admissions made on the arguments below, but must be governed by what appears with the return. If the parties meant to present the case upon facts which neither side disputed, they should have made out in writing, in the court

below, a state of their case, and have signed and filed the same, so that it would have come into this court with the record. It would be dangerous for a court of error to base their judgment in the last resort, upon any matter not apparent upon the record and files of the court below, but resting only *in pais*.

The proof upon the point is found in the testimony of Leonard Bunn, esq., who was one of the judges of the Court of Common Pleas. This deposition was taken more than eighteen months after the order of appointment was made. The case branches again at this point. Should the Supreme Court review the discretion which the Common Pleas declare, in their order, that they exercised? If not, the case must end here; if they ought to exercise that power, was the fact of the cause of the exclusion of the surveyors of Bridgewater properly before that court?

It is a well recognized rule in practice, that a court of review will not examine into a matter confided to the discretion of an inferior tribunal, which has exercised its discretion upon it.

In *Wright* v. *Green*, 6 *Halst.* 334, the justice said, the law confides "the exclusive order and directions in such cases (referring to discharging bail, &c.,) to the legal discretion and judgment of the court having jurisdiction over the subject matter; and courts of error will not deem themselves at liberty to review the same." Upon another branch of the same case he says: "So much of discretion is involved in the opening or setting aside a judgment that, as in other analogous cases *where those circumstances*, which properly govern and guide the determination of the court, are scarcely susceptible of being fully and entirely exhibited on paper, so as to become a subject of review, the law has wisely resolved, there is less of evil in leaving uncorrected, errors which occasionally occur, than in attempting to correct them." In *Gilleland* v. *Rappleyea*, 3 *Green* 145, the Chief Justice said: that the court, upon a writ of error, will not draw into discussion such orders as have been made upon application to the mere discretion of the court below. In the case of *The*

*State* v. *Vanbuskirk and others*, 1 *Zab.* 87, one reason relied on for setting aside the return was, that the surveyor of the township had not been appointed. The Chief Justice said : the law imposes no other restriction upon the discretion of the court than is contained in the clause cited. The order of the court explicitly states that the appointment was made, regard having been had to the appointment of the surveyors of the townships where the new road is applied for to be laid out ; "the requirement of the statute is in every. respect fully satisfied."

In 1 *Zab.* 344, *The State* v. *Bergen and others*, Justice Whitehead said, it was sufficient for the court, in their appointment of surveyors, to certify that regard was had, &c., and that the reasons why the surveyors of the township where the road is applied for were passed by, need not be particularly assigned. In 1 *Dutcher* 233, *The State* v. *Vanderveer*, the objection made to the road was, that one of the surveyors was disqualified to act on account of expressing an opinion. The Supreme Court said, the only positive disqualification in the act was being a landholder on the line of the road. Every other unfitness is referred to the discretion of the court making the appointment. If the objection was made at the time of the appointment, the court exercised its discretion, and we have no right to interfere.

On a review of the last case in this court, the judgment of the Supreme Court was unanimously affirmed. A remark, made by the judge who read the opinion, "that if the Common Pleas, in the appointment of surveyors, should in their discretion act capriciously, in violation of settled principles of law and equity, the superintending tribunal has power to review and correct their proceedings," does not aid the plaintiffs in error ; because the order of the Pleas in this case is not alleged to be against well settled principles, but in contravention of a requirement of the statute, upon which they had a right, by the same statute, to adjudicate, and to appoint or to reject in their discretion. The remarks were followed with these sentences : " Our road act contemplates the exer-

cise of a sound judicial discretion, which should be guided by the nature of the circumstances and the acknowledged rules of proceeding in such cases."

Who can say, from an examination of the order of appointment, which forms a part of the present record, that the Common Pleas of Somerset did not exercise their discretion precisely in the manner directed by this court? Who can put his finger upon the slightest indication of capriciousness? If it legally appears to the Supreme Court, in a case before them, that the judges of the Court of Common Pleas refused to exercise the discretion required by the statute, they will review and set aside their action. In the present case, I am decidedly of opinion that the court should not have gone behind the language of the order of appointment, and inquired for reasons, and applied their own discretion for reforming the discretion of the Common Pleas.

The 3d section of the road act provides, that when a road is required to be laid out, altered, or vacated on any part of the line between two counties, or a part in one county, and a part in another, application for the appointment of surveyors shall be made to the Supreme Court, who shall appoint three surveyors in each of the counties, having a regard to the appointment of the surveyors of those townships where the road is to be laid, subject to the restrictions imposed in the 2d section. Suppose that parties interested in such an application, should be dissatisfied with a conclusion to which that court should come, in the exercise of the same discretion which is confided to the Common Pleas, how could that discretion be reviewed? A writ of error would not lie to the order. No *certiorari* issues out of this court, except to bring up out-branches of the record on allegation of diminution. If an exercise of discretion by the Supreme Court cannot be considered in a superior tribunal, is it expedient for them to stretch their superintending power for the purpose of examining into an exercise of the discretion of the Common Pleas upon a like subject matter? I think that more mischief would flow from such a practice, than can result from

affirming the orders and proceeding had in the Common Pleas. The proper construction of the act will be given by this court, and if the road in question is unnecessary and injurious, an application can be made for the appointment of surveyors to vacate it. As yet the township has not been subjected to expense. If the decision of the Supreme Court should be affirmed, its effect might reach to and disturb many roads laid out since the act of 1850, upon which expenditures have been made, and much work been done.

But if the Supreme Court did right in going behind the order of appointment, was the fact upon which they acted made manifest to them according to the settled rules and practice of that court? And did the fact, which they obtained through the affidavit of Judge Bunn, show conclusively the want of an exercise of discretion and the adoption of an inflexible rule? Who will judicially declare that it was not discreet in the Common Pleas, under the circumstances, if they saw fit so to do, to follow what they understood to be the proper mode of proceeding, as adopted by the Supreme Court, rather than to have opposed it by their private judgments, and thereby, perhaps, have subjected their order to review for contumacy? In road matters, the Common Pleas do not act according to the course of the common law, but in pursuance of a statute which marks out the line of their proceedings. They act upon the same species of authority as they do, in taking cognizance of appeals from the courts for the trial of small causes. The rule which the Supreme Court has established, by long and uniform practice, for obtaining information from the inferior tribunals respecting their proceeding upon the trial of an appeal, should prevail with equal propriety in matters of roads.

That rule was stated by Justice Potts, in *Moore* v. *Hamilton*, 4 *Zab.* 532. Premising that, on the trial of appeals, the Common Pleas act upon a special statutory jurisdiction, he says, that the proper course to get the facts before the court above on *certiorari*, is to take a rule upon the court below to certify what the facts were in the first instance, and

then, if the court fail to certify, resort may be had to a rule for affidavits. He cites *Scott* v. *Beatty*, 3 *Zab.* 259. A reference to that case shows the rule in more specific language. There was a *certiorari* from the Circuit Court to the Common Pleas, and another from the Supreme to the Circuit Court. The Chief Justice, among other things, said, in ·his opinion,. " that the facts before the Common Pleas on the appeal was a matter to be shown before the Circuit Court. No state of the case is agreed on or settled by the court below; no rule was taken upon that court to certify what the facts were; but the plaintiff, in the first instance, resorts to affidavits to prove what evidence was offered on the trial of the appeal." This,. he adds, is a violation not only of the long settled practice of the court, but of the most *obvious dictates of reason and propriety.* If no state of the case be agreed on, the proper practice is, in the first instance, to call upon the court to return what the facts were. Their return is conclusive. If the court below fail to make a return of the facts, then, from. the necessity of the case, *and then only,* can resort be had to affidavits." The fact, that the testimony taken in this case was taken under a rule of the Supreme Court, does not aid the defendants' case. Such rules are frequently entered in the minutes, without specially directing the attention of the court to the matter. This rule is general, and doubtless. was entered without notice to the other party. It simply orders " that the parties have leave to take affidavits to be used on the argument," on motion of the attorney for the plaintiff, in Supreme Court. In the case last cited, 3 *Zab.* 259, the court further said : " a rule to take affidavits authorizes the taking only of legal and competent evidence," and the rule should specify the purposes for which the affidavits are to be taken. This rule, therefore, was improvidently entered, because it is without specifications, and was entered before any rule was taken upon the Common Pleas to certify the reason why they rejected the surveyors of the township of Bridgewater.

If the rule or practice on this subject, which has been

Parsell v. State, Mann et al., pros.

pursued by the Supreme Court, shall now be approved and established by this court, the subject will be set at rest, and an uniformity of proceedings hereafter be secured which is "consonant with reason and propriety." It is unnecessary to consume time in relation to the sufficiency of the affidavits.

The Court of Common Pleas is composed of three county judges and a justice of the Supreme Court, all of whom are presumed to be present when the court is open for business, unless the contrary appears. No reference is made in the testimony to either of the other judges; but one was relied upon as sufficient to express the facts and considerations which moved his brethren in deciding a question of pure legal discretion. I am clearly of opinion that the fact was not made manifest to the Supreme Court in a proper legal form; and also, that the deposition of Judge Bunn, standing alone, is insufficient to contradict the language used by the whole court, on the face of the order of appointment.

The second complaint made in the Supreme Court, referred to the assessment of damages to the land owners. The return does not show that assessments were made to any persons who were applicants in the petition presented to the Court of Common Pleas. That was the only guide which the surveyors could have, and they do not appear to have disregarded it.

The fourth reason relied on in the Supreme Court was, that the surveyors acted on an erroneous principle in laying out the road; because it is said, that if the Central Railroad Company had done their duty in making proper crossings where the track intersects the common road, the road in question could not have been required. The railroad was constructed over twenty years ago, when the danger and inconvenience complained of was created. Having borne the same for that length of time, the inhabitants of the county asked to be relieved from it by a cross-road. The question for the surveyors to settle was, whether, when this road was applied for, it was necessary. They went upon the ground,

and adjudicated that it was necessary. The cause of the necessity they had nothing to do with. The proposition made by the counsel for the defendants in error is a broad and far-reaching one, and perhaps ought to be examined; but I do not think the present occasion is the time for doing it. The duty which it urges, rests upon every railroad in the state of any magnitude, and a requirement which enters into the legality of their crossings of highways is too important to be collaterally settled, upon an application for a local neighborhood road, in which the railroad company is not a party. The judgment of the Supreme Court should be reversed.

*For reversal*—Judges COMBS, CORNELISON, ELMER, FORT, GREEN, OGDEN, VREDENBURGH, WALES, WOOD.    9.

*For affirmance*—None.

CITED in *State, Winans, pros.*, v. *Crane*, 7 *Vroom* 401.